IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD ROEGNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. |
| ONCAR INVESTMENT INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, RICHARD ROEGNER, by and through the undersigned counsel, and files this, his Complaint against Defendant, ONCAR INVESTMENT INC., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").  In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising pursuant to 42 U.S.C. § 12181, *et seq.*, based upon Defendant, ONCAR INVESTMENT INC.'s failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.     Plaintiff, RICHARD ROEGNER (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas, (Harris County).

3.     Plaintiff is disabled as defined by the ADA, and is required to traverse in a wheelchair, is substantially limited in performing one or more major life activities, including but

not limited to: walking, standing, grabbing, grasping and/or pinching.

4.      Plaintiff uses a wheelchair for mobility purposes.

5.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to Mobil and the Property as soon as it is accessible ("Advocacy Purposes").

6.      Defendant, ONCAR INVESTMENT INC. (hereinafter "ONCAR INVESTMENT INC."), is a Texas company, and transacts business in the State of Texas and within this judicial district.

7.      Defendant, ONCAR INVESTMENT INC., is the owner of the real property located at 9004 North Freeway, Houston, TX  77037.

8.      Defendant, ONCAR INVESTMENT INC., may be properly served with process via its registered agent for service, to wit:  Hardeep S. Grewal, Registered Agent, 9004 North Frwy., Houston, TX  77037.

## FACTUAL ALLEGATIONS

9.      On or about February 15, 2019, Plaintiff was a customer at the Mobil, a business located at 9004 North Frwy., Houston, TX  77037, at the Property.

10.      Defendant, ONCAR INVESTMENT INC., is the owner of the real property and improvements that Mobil is situated upon and that is the subject of this action, referenced herein

2

as the "Property."

11.     Plaintiff lives 7 miles from Mobil and the Property.

12.     Plaintiff's access to the businesses located at 9004 North Frwy., Houston, TX 77037, Harris County Property Appraiser's account number 0772870010001 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendant, ONCAR INVESTMENT INC., is compelled to remove the physical barriers to access and correct the ADA violations which exist at Mobil and the Property, including those set forth in this Complaint.

13.     Plaintiff has visited Mobil and the Property at least once before.  Plaintiff intends on revisiting Mobil and the Property in the very near future, to determine if and when Mobil and the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

14.     Plaintiff intends to revisit Mobil and the Property to purchase goods and/or services as well as for Advocacy Purposes.

15.     Plaintiff travelled to Mobil and the Property as a customer, and as an independent advocate for the disabled, encountered the barriers to access at Mobil and the Property detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Mobil and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

16.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101, *et seq*.

17.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

18.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing

discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv)     invoke the sweep of congressional authority, including the power to
enforce the fourteenth amendment and to regulate commerce, in order to
address the major areas of discrimination faced day-to-day by people with
disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

19.     The congressional legislation provided places of public accommodation one and
a half years from the enactment of the ADA to implement the requirements imposed by the
ADA.

20.     The effective date of Title III of the ADA was January 26, 1992, or January 26,
1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. §
12181; 28 C.F.R. §36.508(a)

21.     Mobil is a public accommodation and service establishment.

22.     The Property is a public accommodation and service establishment.

23.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the
Department of Justice, Office of Attorney General, promulgated federal regulations to implement
the requirements of the ADA. 29 C.F.R. Part 36.

24.     Public accommodations were required to conform to these regulations by January
26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of
$500,000 or less). 42 U.S.C. § 1281, *et seq*., and 28 C.F.R. §36.508(a).

25.     Mobil must be, but is not, in compliance with the ADA and ADAAG.

26.     The Property must be, but is not, in compliance with the ADA and ADAAG.

27.      Plaintiff has attempted to, and has to the extent possible, accessed Mobil and the

Property in his capacity as a customer at Mobil and the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at Mobil and the Property that preclude and/or limit his access to Mobil and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28.     Plaintiff intends to visit Mobil and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Mobil and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Mobil and the Property that preclude and/or limit his access to Mobil and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29.     Defendant, ONCAR INVESTMENT INC., has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Mobil and the Property, as prohibited by, and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

30.     Defendant, ONCAR INVESTMENT INC., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at Mobil and the Property, including those specifically set forth herein, and make Mobil and the Property accessible to and usable by Plaintiff and other persons

with disabilities.

31.     Defendant, ONCAR INVESTMENT INC., has discriminated against Plaintiff by failing to comply with the above requirements.

32.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that preclude and/or limited Plaintiff's access to Mobil and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Mobil and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS**

(i)     The accessible parking space is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(ii)    The access aisle to the accessible parking space is not level due to the presence of a ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iii)   The accessible parking space is not level due to the presence of ramp side flares in the accessible parking space in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iv)    At least one accessible parking space is not adequately marked and is in violation of Section 502.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(v)    Due to a placement of parking stops that are positioned to encourage vehicles to pull up far enough to block the accessible route to the entrances of the Property, and poles situated on the accessible route, when a vehicle parks in parking space and pulls up all the way, the "nose" of the vehicle extends into the exterior access route causing publicly accessible exterior areas of the Property having accessible routes with clear widths below the minimum 36 inch requirement as required by Section 403.5.1 and 502.7 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(vi)   Due to the placement of poles, there are publicly accessible areas of the Property having accessible routes with clear widths below the minimum 36 inch requirement as required by Section 403.5.1 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(vii)  Defendants fails fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**MOBIL RESTROOMS**

(i)    The door exiting the restroom, due to the proximity of the sink, lacks a proper minimum maneuvering clearance in violation of Section 404.2.4 of the 2010 ADAAG standards.  This made it difficult for Plaintiff to safely utilize the restroom facilities.

    (ii)    The soap dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

    (iii)    The accessible toilet stall door is not self-closing and/or otherwise violates Section 604.8.2.2 of the 2010 ADAAG standards. This made it difficult for the Plaintiff to safely utilize the restroom facilities.

    (iv)    The restrooms in the Facility have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the side bar is not positioned properly. This made it difficult for Plaintiff to safely utilize the restroom facilities.

33.    The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Mobil and the Property.

34.    Plaintiff requires an inspection of Mobil and the Property in order to determine all of the discriminatory acts violating the ADA.

35.    All of the above violations are readily achievable to modify in order to bring Mobil and the Property into compliance with the ADA.

36.    The removal of the physical barriers and dangerous conditions present at Mobil and the Property is readily achievable because the nature and cost of the modifications are relatively low and the Defendant, ONCAR INVESTMENT INC., has the financial resources to make the necessary modifications.

37.    Upon information and good-faith belief, Mobil and the Property have been altered since 2010.

38.    In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG

standard applies and all of the violations listed in Paragraph 32 can be applied to the 1991 ADAAG standards.

39.     Plaintiff has attempted to gain access to Mobil and the Property in his capacity as a customer, but because of his disability has been denied access to, and has been denied the benefits of services, programs and activities of Mobil and the Property, and has otherwise been discriminated against and damaged by Defendant, ONCAR INVESTMENT INC., because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to be discriminated against in the near future by Defendant because of Plaintiff's disabilities, unless and until Defendant, ONCAR INVESTMENT INC., is compelled to remove the unlawful barriers and conditions and comply with the ADA.

40.     The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense.  42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. §36.304.

41.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant, ONCAR INVESTMENT INC., is required to remove the physical barriers, dangerous conditions and ADA violations that exist at Mobil and the Property, including those set forth herein. The relief requested serves the public interest, and the benefit to Plaintiff and the public far outweighs any detriment to Defendant, ONCAR INVESTMENT INC.

42.     Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendant, ONCAR INVESTMENT INC., pursuant to 42 U.S.C. §§ 12205 and 12117, and Plaintiff is entitled to attorney's fees, costs, and expenses from

Defendant, ONCAR INVESTMENT INC.

43.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Mobil and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, ONCAR INVESTMENT INC., in violation of the ADA and ADAAG;

(b)     That the Court issue a permanent injunction enjoining Defendant, ONCAR INVESTMENT INC., from continuing their discriminatory practices;

(c)     That the Court issue an Order requiring Defendant, ONCAR INVESTMENT INC., to (i) remove the physical barriers to access and (ii) alter Mobil and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e)     That the Court grant such further relief as just and equitable in light of the circumstances.

Dated: February 21, 2019.          Respectfully submitted,

/s/  Douglas S. Schapiro
Douglas S. Schapiro
*Attorney-in-Charge for Plaintiff*
Southern District of Texas ID No. 3182479
The Schapiro Law Group, P.L
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433

Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com